IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALEX CLAY JONES,           )
                           )
         Plaintiff,        )
                           )
     v.                    )    1:25CV993
                           )
MAJOR FLINT, et al.,       )
                           )
         Defendant(s).     )

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Moore County Detention Center seeks to bring a lawsuit under 42 U.S.C. § 1983 based mainly on an alleged lack of medical care at that facility. The factual allegations found in § IV(D) of Complaint state that Plaintiff is a hemophiliac who requires a particular prescription medication that is administered by infusions in order to prevent him from bleeding. It claims that Plaintiff has now been incarcerated in the Detention Center for two months without the medication despite being told by unidentified persons that they are working to find a place to provide the infusions. Defendant Nurse Hiddie allegedly more recently told Plaintiff that she is not sure what Defendant Flint decided concerning his treatments and that he may not receive them while at the Detention Center. The Complaint specifically asserts that emergency room physicians told Defendants Major Flint and Captain Garner, as well as "jail nursing," that Plaintiff cannot continue to go without the medication. Plaintiff allegedly now suffers from spontaneous bleeding from his mouth and swelling and bleeding inside his legs, lower back, and hips. In addition to the

allegations concerning Plaintiff's hemophilia treatments, the Complaint also asserts that Defendant Sgt. Roberts had staff target Plaintiff to write him up for things he did not do so that they took his blankets and mattress for a month. It further alleges that Defendant Roberts took Plaintiff's religious books and removed legal mail from his cell for some unidentified span or spans of days. The Complaint names the Moore County Sheriff's Department as a Defendant only in its official capacity in § I(B), but names Defendants Flint, Garner, Hiddie, and Roberts in both their individual and official capacities. Finally, § VI of the Complaint seeks payment for Plaintiff's infusion treatments as relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This

-2-

standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint contains some claims that are sufficient to proceed but the remainder should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they fail to state a claim on which relief may be granted.

Turning first to Plaintiff's individual capacity claims against Defendants Flint, Garner, and Hiddie, the Complaint successfully alleges claims that they failed to provide him with proper medical treatment to treat his hemophilia despite being aware of the need and/or being warned to do so by doctors. Therefore, those claims should proceed.

Plaintiff's individual capacity claim against Defendant Roberts does not involve his medical treatment, but instead contains allegations about Defendant Roberts wrongfully targeting Plaintiff with writeups, removing his legal mail temporarily, and taking unidentified religious books. These allegations suffer from two defects. First, they are largely devoid of

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

specific facts, which renders them too conclusory to state a proper claim for relief at this time. Plaintiff would need to make proper allegations to state a claim for relief. Second, it is not clear how, or even if, this claim relates to the other claims in the Complaint involving Plaintiff's medical treatment. Therefore, unless Plaintiff can establish that link, it appears he must bring those allegations in a separate action even if he is able to provide adequate facts to state a claim for relief. For now, the claim against Defendant Roberts should be dismissed without prejudice to Plaintiff making a sufficient amendment in the present case or, if appropriate, filing his claim against Defendant Roberts in a separate action.

Turning now to Plaintiff's official capacity claims, the Complaint raises an official capacity claim against the Moore County Sheriff's Department. Under North Carolina law, the Sheriff of Moore County controls the operations of the Detention Center and possesses final policymaking authority. See Cobbs ex rel. Cobbs v. County of Guilford, No. 1:10CV806, 2012 WL 3113141, at *2 (M.D.N.C. July 31, 2012) (unpublished), rec. adopted as modified, 2012 WL 4508106, (M.D.N.C. Sept. 28, 2012) (unpublished). Therefore, the Sheriff would be the proper Defendant for an official capacity claim against the Sheriff's Department, but the Complaint does not name the Sheriff as a Defendant. It also includes no facts suggesting that the Sheriff is aware of Plaintiff's situation or his medical treatment or that any of the Sheriff's policies caused the alleged lack of proper treatment. The Complaint cannot hold the Sheriff liable purely as a supervisor because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Similarly, the

-4-

official capacity claims against the other Defendants Major Flint, Captain Gardner, and Sergeant Roberts constitute attempts at pleading claims against their employer, the Moore County Sheriff. Kentucky v. Graham 473 U.S. 159, 166 (1985). In order to successfully plead such claims, the Complaint would have to contain facts attributing these Defendants' actions to a policy, custom, or decision of the Sheriff. Layman ex rel. Layman v. Alexander, 343 F. Supp. 2d 483, 489 (W.D.N.C. 2004). However, the Complaint again fails to include any such allegations. Therefore, all of Plaintiff's official capacity claims fail and should be dismissed.

Finally, the Complaint alleges an official capacity claim against Nurse Hiddie. It lists her employer not as the Moore County Sheriff, but as Allied Health Care, which appears to be a private corporation. Where a corporation is a Defendant,

> [t]he Fourth Circuit has conditioned liability for private corporations under 42 U.S.C. § 1983 on the same requirements established for municipal corporations. Rodriguez v. Smithfield Packing Co, Inc., 338 F.3d 348, 355 (4th Cir. 2003). Consistent with that view, a *respondeat superior* theory cannot support such liability as a matter of law. Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999). Instead, to establish § 1983 liability for a private corporation, a plaintiff must show that "an official policy or custom of the corporation cause[d] the alleged deprivation of federal rights." Id.
>
> At the pleadings stage, a plaintiff must allege facts to plausibly support "a direct causal link between a [corporate] policy or custom and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

Parker v. Burris, No. 1:13CV488, 2013 WL 5604622, at *4 (M.D.N.C. Oct. 11, 2013) (unpublished), rec. adopted, slip op. (M.D.N.C. Jan. 13, 2014). The Complaint contains no allegation that any policy or custom of Allied Health Care is causing or contributing to

-5-

Plaintiff's alleged lack of medical care.  Therefore, it does not state any official capacity claim against Defendant Hiddie or her employer at this time.  That claim should also be dismissed.

Regarding Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment if funds are available.  However, Plaintiff's *in forma pauperis* application reveals that they are not.  Therefore, the Court will not order an initial partial payment at this time, but will instead order that Plaintiff's custodian deduct payments from Plaintiff's prisoner account if funds become available.

IT IS THEREFORE RECOMMENDED that Plaintiff's individual capacity claims against Defendant Flint, Garner, and Hiddie based on an alleged lack of proper medical treatment proceed, but that all other claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of December of 2025, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments shall be designated as made in payment of the filing fee for Civil Action No. 1:25CV993, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina.  In the event Plaintiff is

transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff summonses for Defendants Flint, Garner and Hiddie. Plaintiff must fill out the summonses, including an address suitable for service, and then return the summonses to the Clerk. Failure to provide an address wherein service may be made will result in the dismissal of the action against any Defendant that remains unserved after 90 days from the filing of the complaint. See Fed. R. Civ. P. 4(m).

This, the 13th day of November, 2025.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

-7-

Case 1:25-cv-00993-WO-LPA   Document 3   Filed 11/13/25   Page 7 of 7